UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NA'EEM O. BETZ, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 14-0254 (ESH) |
| JEFFERSON CAPITAL SYSTEMS, LLC | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

On January 24, 2014, plaintiff Na'eem Betz, proceeding *pro se*, sued defendant Jefferson Capital Systems, LLC, alleging claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and common-law invasion of privacy. (Compl., Jan. 24, 2014 [Dkt. No. 1] at 3-4.) Before the Court is defendant's motion to dismiss plaintiff's complaint for failure to state a claim. (Mot., May 28, 2014 [Dkt. No. 5].) For the following reasons, the Court will grant defendant's motion in part.

## BACKGROUND

On November 11, 2012, defendant—who plaintiff concedes is a "debt collector" (Compl. at 2-4)—initiated and reported a collection trade line on plaintiff's consumer credit report file with the three major credit reporting bureaus: Equifax, Experian, and Transunion. (*Id.* at 2.) The collection trade line at the center of this case states that plaintiff is delinquent with respect to over $4000 of debt originally owed to Heritage Education and that defendant, having purchased this debt from Heritage Education, is now plaintiff's creditor. (Compl. Exh. A.)

Plaintiff never applied for credit from defendant and thus considers the collection trade line as "fraudulent." (Compl. at 2, 4.) Plaintiff filed disputes regarding the debt with the credit bureaus, which concluded the debt that defendant reported on plaintiff's consumer credit report was valid. (*Id.* at 2.) From these allegations, plaintiff concludes that defendant either "willfully" or "negligently" violated the FCRA "by obtaining [his] consumer report without a permissible purpose as defined by" the statute (*id.* at 3-4), and also invaded his privacy. (*Id.* at 4.)[1]

## ANALYSIS

### I. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The "facial plausibility" standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] complaint [does not] suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (some alterations omitted) (quoting *Twombly*, 550 U.S. at 557).

"'A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

---

[1] In 2012, plaintiff filed two suits nearly identical to this one against different defendants. Plaintiff's first case was dismissed for failure to state a claim because plaintiff "fail[ed] to allege any specific facts to support his assertion that defendants pulled his credit report for an impermissible purpose or that defendants acted willfully or negligently." *See Betz v. Matte*, 2013 WL 5603846, at *2 (E.D.N.Y. Oct. 10, 2013). Plaintiff's second case was dismissed after plaintiff failed to respond to defendant's motion to dismiss. *See Betz v. Pinnacle Fin. Grp., Inc.*, Case No. 12cv1941, Order (D.D.C. Feb. 28, 2013).

by lawyers.'" *Brown v. Dist. of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "Nevertheless, 'even a pro se complainant must plead factual matter that permits the court to infer more than the mere possibility of misconduct.'" *Ananiev v. Wells Fargo Bank, N.A.*, 968 F. Supp. 2d 123, 130 (D.D.C. 2013) (quoting *Atherton v. Dist. of Columbia Office of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009)).

## II. FCRA CLAIMS (COUNTS I-II)

In Counts I and II of his complaint, plaintiff alleges that defendant violated the FCRA by willfully (Count I) or negligently (Count II) "obtaining [his] consumer report without a permissible purpose." (Compl. at 3-4.) The FCRA imposes civil liability on any person who willfully or negligently obtains a consumer credit report for a purpose that is not authorized under the Act. 15 U.S.C. §§ 1681b(f), 1681n(a), 1681m(a). The showing of a permissible purpose, however, is a complete defense to a claim under section 1681b. *See, e.g.*, *Kertesz v. TD Auto Fin. LLC*, 2014 WL 1238549, at * 3 (N.D. Ohio Mar. 25, 2014).

The FCRA, *inter alia*, "expressly permits distribution of a consumer report to an entity that 'intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, *or review or collection of an account of, the consumer.*'" *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (emphasis in original) (quoting 15 U.S.C. § 1681b(a)(3)(A)). Thus, it is established that debt collection is a permissible purpose to obtain a consumer credit report under the FCRA. *See id.*; *Pintos v. Pac. Creditors Ass'n*, 504 F.3d 792, 796 (9th Cir. 2007), *opinion withdrawn and superseded on other grounds*, 565 F.3d 1106 (9th Cir. 2009); *Phillips v. Grendahl*, 312 F.3d 357, 366 (8th Cir. 2002), *abrogated on other grounds*, *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007); *Stergiopoulos v. First Midwest Bancorp, Inc.*, 427 F.3d 1043,

3

1046-47 (7th Cir. 2005); *Bowling v. Scott Lowery Law Office*, 2014 WL 3942280, at *3 (W.D. Ky. Aug. 12, 2014); *Obarski v. Associated Recovery Sys.*, 2014 WL 2119739, at *2 (D.N.J. May 20, 2014); *Russell v. RJM Acquisitions*, 2014 WL 1600419, at *3-4 (S.D. Cal. Apr. 17, 2014).

Plaintiff admits, in both his complaint and his opposition, that defendant is a "debt collector." (Compl. at 2-4; Pls.' Mem. in Response ("Opp'n"), July 31, 2014 [Dkt. No. 13] at 1.) Plaintiff nonetheless alleges that defendant obtained his credit report "without a permissible purpose." (Compl. at 3-4.) Plaintiff's conclusory allegations are mere "'formulaic recitation[s] of the elements of [his] cause[s] of action,'" that, without more, fail to state claim. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *see also Obarski*, 2014 WL 2119739 at *2; *Braun*, 2014 WL 1613006 at *6; *Betz v. Matte*, 2013 WL 5603846, at *2 (E.D.N.Y. Oct. 10, 2013). Although plaintiff may subjectively believe that defendant obtained his credit report for some impermissible purpose, "he must support that belief with some factual allegations." *Jacques v. Solomon & Solomon P.C.*, 886 F. Supp. 2d 429, 435 (D. Del. 2012) (citing *Iqbal*, 556 U.S. at 662).

For instance, where—as here—defendant is a debt collector, plaintiff must allege "'that defendant willfully [or negligently] obtained the plaintiff's credit report *without having a purpose to review or collect a debt*.'" *Jacques*, 886 F. Supp. 2d at 435 (emphasis added) (quoting *Huertas v. U.S. Dep't. of Educ.*, 2009 WL 3165442, at *9 (D.N.J. Sept. 28, 2009)).[2]

---

[2] Plaintiff alleges in his complaint and reiterates in his Opposition that he "never applied for credit or services with the defendant." (Compl. at 4; *see also* Opp'n at 1-2.) This fact is irrelevant. The FCRA allows any person—not just an original creditor—to obtain a consumer credit report for the purpose of collecting debt. *See* 15 U.S.C. § 1681b(a)(3)(A); *see also Kermani v. Law Office of Joe Pezzuto, LLC*, 993 F. Supp. 2d 1187, 1190 (C.D. Cal. 2014) ("[T]he statutes do not limit permissible purposes to situations where consumers have had 'direct dealings' with debt collectors."). Furthermore, even if section 1681b(a)(3)(A) were limited to creditors—and it is not—the term "creditor" under the FCRA extends to persons—like defendant—who obtain debt from an original creditor. *See* 15 U.S.C. §

Plaintiff's complaint fails to allege facts supporting a reasonable inference that defendant obtained his credit report for any purpose other than to collect on a delinquent account. *See Kermani v. Law Office of Joe Pezzuto, LLC*, 993 F. Supp. 2d 1187, 1190 (C.D. Cal. 2014) ("Nor does the Complaint allege that the Law Office obtained Mr. Kermani's credit report for any purpose other than collecting the debt."); *Obarski*, 2014 WL 2119739 at *2 ("[T]he Complaint also fails to allege any facts that show that Defendant obtained his credit report for any purpose other than to collect a delinquent account."); *Jacques*, 886 F. Supp. 2d at 435 ("The complaint does not allege any facts to suggest that Northland did not intend to collect a debt from plaintiff."). Because defendant is a debt collector and debt collection is a permissible purpose for obtaining a consumer credit report under the FCRA, plaintiff's FCRA claims fail to state a claim under section 1681b.

Plaintiff's allegation that the debt defendant seeks to collect upon is not "valid" or, alternatively, that defendant has "fail[ed] to verify and or validate" the debt to plaintiff (Compl. at 2) does not save his claims. "It is well settled that a debt collector need not verify a debt prior to collection," *Fritz v. Capital Mgmt. Servs., LP*, 2013 WL 4648370, at *6 (W.D. Pa. Aug. 29, 2013) (internal quotation marks omitted), or seeking a credit report. *See Eaton v. Plaza Recovery, Inc.*, 2014 WL 29561, at * 3 (S.D. Tex. Jan. 3, 2014) ("[T]he FCRA does not requires a debt collector to verify, validate, or 'prove up' a person's debt before seeking a credit report."); *see also Knox v. Weltman, Weinberg & Reis Co., L.P.A.*, 2014 WL 3899372, at *6 (N.D. Ind. Aug. 11, 2014); *Robinson v. Greystone Alliance, LLC*, 2011 WL 2601573, at *3 (D. Md. June 29, 2011). Indeed, while the FCRA prohibits debt collectors like defendant from "furnish[ing]

---

1691a(e) ("The term 'creditor' means . . . any assignee of an original creditor who participates in the decision to extend, renew, or continue credit.").

5

any information relating to a consumer to any consumer reporting agency if [it] knows or has reasonable cause to believe that the information is inaccurate," 15 U.S.C. § 1681s-2(a)(1)(A), the Act does not provide a private cause of action to enforce this provision. *See Ihebereme v. Capital One, N.A.*, 933 F. Supp. 2d 86, 111 (D.D.C. 2013); *see also Seamans v. Temple Univ.*, 744 F.3d 853, 864 (3d Cir. 2014). Instead, enforcement of Section 1681-2(a)(1)(A) is left to designated federal and state agencies and officials. *See Seamans*, 744 F.3d at 864; *Mazza v. Verizon Washington DC, Inc.*, 852 F. Supp. 2d 28, 34 (D.D.C. 2012).

Although plaintiff's complaint fails to state a claim under 15 U.S.C. § 1681b, the Court notes that the complaint can arguably be read to state a claim against defendant under 15 U.S.C. § 1681s-2(b). Section 1681s-2(b) requires a furnisher of information—like defendant—to conduct a reasonable investigation into the accuracy of disputed information on consumer credit reports. *See Ihebereme*, 933 F. Supp. 2d at 111; *Haynes v. Navy Fed. Credit Union*, 825 F. Supp. 2d 285, 295 (D.D.C. 2011). This duty is triggered "after a consumer alerts the credit reporting agency of disputed information and the agency informs the furnisher of the dispute." *Oates v. Wells Fargo Bank, N.A.*, 880 F. Supp. 2d 620, 625 (E.D. Pa. 2012) (citing 15 U.S.C. § 1681i(a)(2)); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 359 (3d Cir. 2011) ("[ A] private citizen wishing to bring an action against a furnisher must first file a dispute with the consumer reporting agency, which then must notify the furnisher of information that a dispute exists. Only after this notification can the furnisher face any liability to a private individual.").

Plaintiff alleges that he disputed defendant's collection trade line with the credit bureaus, that the bureaus conducted an investigation with defendant, and that defendant "fail[ed] to verify or validate" the debt as requested. (Compl. at 2.) These allegations seem to provide sufficient

6

factual matter, taken as true, to state a claim for relief under section 1681s-2(b) that is plausible on its face. *See Himmelstein v. Comcast of the Dist., L.L.C.*, 931 F. Supp. 2d 48, 53 (D.D.C. 2013); *Mazza v. Verizon Washington DC, Inc.*, 852 F. Supp. 2d 28, 35 (D.D.C. 2012); *Haynes*, 825 F. Supp. 2d at 295.

The Court recognizes that plaintiff's complaint does not explicitly raise a claim under section 1681s-2(b), and that the Court need not "cull through every filing of a *pro se* litigant to preserve a defective complaint." *Richardson v. United States*, 193 F.3d 545, 549 (D.C. Cir. 1999). However, the Court "must construe *pro se* filings liberally," *id.* at 548, and should otherwise "give[] *pro se* parties the benefit of the doubt." *Voinche v. FBI*, 412 F. Supp. 2d 60, 70 (D.D.C. 2006). It is clear from plaintiff's complaint that plaintiff believes that the alleged debt owned by defendant is illegitimate and that defendant has failed, following formal disputes by plaintiff, to verify or validate the debt. But all three counts of plaintiff's complaint concern the propriety of defendant's *acquisition* of plaintiff's consumer credit report from the credit bureaus, rather than the legitimacy of the information defendant *reported* to the credit bureaus. The Court therefore cannot say with certainty that plaintiff intended to bring any claims relating to defendant's reporting of allegedly illegitimate debt to the credit bureaus. While this conclusion precludes the Court from construing plaintiff's complaint, standing by itself, as alleging claims pursuant to 15 U.S.C. § 1681s-2(b), the Court will permit the plaintiff to amend his complaint in order to clarify whether he intended to bring those claims in his complaint.

Accordingly, the Court will dismiss plaintiff's FCRA claims in Counts I and II of his complaint as currently pleaded, and grant plaintiff leave to amend his complaint for the sole purpose of asserting an additional FCRA claim under section 1681s-2(b). *See Lindsey v. United States*, 448 F. Supp. 2d 37, 63 (D.D.C. 2006) (granting a *pro se* plaintiff leave to amend

7

complaint "for sole purpose of asserting a facial challenge" that it was not clear plaintiff intended to bring); *Wyatt v. Syrian Arab Republic*, 362 F. Supp. 2d 103, 117 (D.D.C. 2005) (permitting plaintiffs to amend their complaint solely to specify under which law they were seeking relief). Plaintiff "may not amend [his] complaint in any other respect or add any additional claims." *Lindsey*, 448 F. Supp. 2d at 63. To the extent plaintiff elects not to amend his complaint, the Court will dismiss plaintiff's entire case with prejudice. If plaintiff elects to amend his complaint to add claims under section 1681s-2(b), defendant will be permitted to file another motion to dismiss as to those new claims.

### III. INVASION OF PRIVACY CLAIM (COUNT III)

In Count III of his complaint, plaintiff alleges that defendant violated his privacy by "illegally and unlawfully obtain[ing his] consumer credit reports." (Compl. at 4.) The Court construes plaintiff's claim as alleging a common law tort of invasion of privacy. In its motion to dismiss, defendant argues that common-law invasion of privacy claims are preempted by the FCRA (*see* Mot. at 5-6) and, in any event, plaintiff fails to allege facts sufficient to state a claim for invasion of privacy. (*See id.* at 6-7.) Plaintiff did not respond in his opposition to any of defendant's argument regarding his invasion of privacy claim. The Court accordingly treats those arguments as conceded, and will grant defendant's motion to dismiss plaintiff's invasion of privacy claim. *See Ali v. D.C. Court Servs.*, 538 F. Supp. 2d 157, 161 (D.D.C. 2008) ("If a plaintiff fails to respond to a motion to dismiss or files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").

**CONCLUSION**

For the foregoing reasons, the Court concludes that plaintiff's complaint fails to state a claim upon which relief may be granted as to the claims specifically identified therein. However, plaintiff alleges some facts seemingly sufficient to state a claim under 15 U.S.C. § 1681s-2(b)—a cause of action not explicitly embraced in his complaint. Therefore, while the Court will grant defendant's motion to dismiss [Dkt. No. 5], it will also grant plaintiff leave to amend his complaint by October 9, 2014, to add new claims pursuant to section 1681s-2(b). If plaintiff files an amended complaint, defendant shall respond by October 23, 2014. An Order consistent with this Memorandum Opinion will be filed on this day.

/s/ *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date: September 22, 2014